UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ATHANASIOS EDMONTSON** | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:13-1046 |
| | ] | Judge Trauger |
| **JAMES L. ELKINS, et al.** | ] | |
| Defendants. | ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Williamson County Jail in Franklin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against James Elkins, an assistant Public Defender in Williamson County; Vanessa Bryan, District Public Defender for Williamson County; the Williamson County Public Defender's Office; the State of Tennessee; James G. Martin, III, a Circuit Court Judge in Williamson County; the Circuit Court for Williamson County; the Williamson County Sheriff's Department; Kim Helper, District Attorney General for Williamson County; Jessica Borne, an assistant Prosecutor in Williamson County; and the District Attorney General's Office for Williamson County; seeking damages.

The plaintiff alleges that his appointed counsel, James Elkins, "sent information/evidence pertaining to my unresolved case that is still under investigation to another of his clients." He

claims that such a mistake rises to the level of ineffective assistance and legal malpractice. In addition, the plaintiff asserts that the bond set for him is unreasonable, and that conditions of his confinement at the Williamson County Jail are unconstitutional.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. Polk County v. Dodson, 454 U.S. 312 (1981); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claims against James Elkins, Vanessa Bryan and the Williamson County Public Defender's Office are not actionable under § 1983.

The plaintiff also seeks relief from Judge Martin and those prosecuting him. However, Judges enjoy absolute immunity from monetary claims for actions taken within the scope of their jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Likewise, prosecutors enjoy the same type of immunity for conduct within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Here, the plaintiff is suing Judge Martin, Jessica Borne, Kim

Helper, the Circuit Court of Williamson County and the District Attorney General's Office for Williamson County for their role in his prosecution. However, there are no factual allegations suggesting that either Judge Martin or the prosecutors are acting beyond the scope of their judicial or prosecutorial duties. Thus, these defendants are absolutely immune from any liability for damages.

The Eleventh Amendment bars a suit in federal court by a citizen against a state or its agencies unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. <u>Pennhurst State School and Hospital v. Halderman</u>, 104 S.Ct. 900, 908 (1984); <u>Will v. Michigan Department of State Police</u>, 109 S.Ct. 2304, 2312 (1989).

Congress has not overridden a state's sovereign immunity to civil rights complaints. Moreover, the State of Tennessee has not consented to waive its immunity to such actions. <u>Berndt v. Tennessee</u>, 796 F.2d 879 (6th Cir.1986). Therefore, faced with the defendant's sovereign immunity, the plaintiff has no arguable basis in law or fact which would entitle him to relief from the State of Tennessee.

Finally, the plaintiff is attempting to sue the Williamson County Sheriff's Department. But a county sheriff's department is not a "person" subject to liability under § 1983. <u>Petty v. County of Franklin, Ohio</u>, 478 F.3d 341, 347 (6th Cir. 2007). Of course,

giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Williamson County, the entity responsible for the operation of the Jail. However, for Williamson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against this defendant upon which relief can be granted.

When a prisoner plaintiff has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge